**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA DAVIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:18CV1514 RLW |
| | ) |
| CITY OF NORMANDY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the City of Normandy's Rule 12(b)(7) Motion to

Dismiss for Failure to Join an Indispensable Party. (ECF No. 13) The motion is fully briefed

and ready for disposition. After careful consideration, the Court denies the motion.

## BACKGROUND

Plaintiffs Angela Davis, Quinton M. Thomas, Roelif Earl Carter, and Meredith Walker

filed this putative class action on behalf of themselves and all others similarly situated against

Defendant, the City of Normandy ("the City"). Their Class Action Complaint asserts five counts

pursuant to 42 U.S.C. § 1983 alleging the municipality's policies and practices violated their

rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

Specifically, Count I alleges the City imprisoned Plaintiffs and/or threatened to imprison them

for their inability to pay fines; Count II alleges the City failed to provide adequate counsel;

Count III alleges the City detained Plaintiffs for indefinite periods of time until they made

arbitrarily and inconsistently established cash payments; Count IV alleges the City issued invalid

arrest warrants related to unpaid fines; and Count V alleges the City imprisoned Plaintiffs and/or

threatened to imprison them in an effort to collect debts.

The City moves to dismiss the Class Action Compliant pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Rule 19. In this motion, the City argues Plaintiffs' claims arise out of the judicial and quasi-judicial actions of the municipal court division in Normandy and, consequently, the municipal court division is an indispensable party. The municipal court division, however, is part of Missouri's unified court system and would be considered an arm of state government, which is entitled to sovereign immunity. The City concludes that Rule 19(b) compels the Court to dismiss the case because the Normandy municipal court division is a required party but such joinder would bar jurisdiction.

## LEGAL STANDARD

Pursuant to Rule 12(b)(7), a party may move to dismiss a claim for failure to join a party under Rule 19. Rule 19 establishes that joinder of a party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If joinder of the required party is feasible, Rule 19(a)(2) provides courts with the authority to do so by court order. If joinder of a required party is not feasible, however, courts "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Factors to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

"Dismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 872 (2008). The Supreme Court has specifically cautioned one such instance may occur in the context of sovereign immunity, "[b]ut that result is contemplated under the doctrine of foreign sovereign immunity." *Id.*

A case may not proceed when a required-entity sovereign is not amenable to suit. . . . [W]here sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign.

*Id.* at 867.

The Rule 19 inquiry is a "highly-practical, fact-based endeavor," and courts are "generally reluctant to grant motions to dismiss of this type." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015). "A decision under Rule 19 *not* to decide a case otherwise properly before the court is a power to be exercised only in rare instances." *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (emphasis in original) (citation omitted).

## DISCUSSION

The City argues the Normandy municipal court division is a required party under Rule 19(a). "[M]unicipal liability under § 1983 attaches where . . . a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Soltesz v. Rushmore*

*Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). According to the City, the actions at issue here are judicial or quasi-judicial and state law vest all authority for these decisions with the state judiciary of which the municipal court division is a part. The City contends that without the participation of the municipal court division, any determination that the municipal court division's judicial or quasi-judicial actions were unlawful "will cloud the validity of how it adjudicates and rules in the cases on its docket."

In 1976, Missouri voters approved amendments to the state constitution that "create[d] a three[-]tier court system consisting of the Supreme Court, Courts of Appeals, and the Circuit Courts. *Probate, magistrate and municipal courts are abolished as separate entities and incorporated into the circuit system as divisions of the circuit courts*." *Gregory v. Corrigan*, 685 S.W.2d 840, 842 (Mo. 1985) (en banc) (emphasis added and citation omitted) (citing Mo. Const. art. V, § 1 & art. V, § 27.2(a), (b) (1945, as amended 1976)). Consequently, the Normandy municipal court division is part of Missouri's unified judiciary. The City contends that such joinder of the municipal court division, as an arm of the state government, would be infeasible as the claims would be barred by the doctrine of sovereign immunity. *See generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (holding that local governments and officials, not federal or state governments and officials, can be liable under § 1983).

Plaintiffs argue the municipal court division is not a required party because their Class Action Complaint challenges the policies and practices of the City itself rather than the actions of the municipal court division. In support, Plaintiffs cite to several cases currently pending in this district involving similar claims against other municipalities within St. Louis County: *Baker v.*

*City of Florissant*, No. 4:16–CV–1693 NAB, 2017 WL 6316736 (E.D. Mo. Dec. 11, 2017);

*Webb v. City of Maplewood*, No. 4:16 CV 1703 CDP, 2017 WL 2418011 (E.D. Mo. June 5,

2017); *Fant v. City of Ferguson*, No. 4:15–CV–00253–AGF, 2016 WL 6696065 (E.D. Mo. Nov.

15, 2016). None of the opinions cited by Plaintiffs dealt directly with the argument pursuant to

Rule 19. Recently, however, the three judges presiding over those separate cases have denied

similar motions to dismiss filed by the defendant municipalities who argued their respective

municipal court divisions were required parties. *Fant v. City of Ferguson*, No. 4:15-CV-00253-

AGF, 2019 WL 3577529 (E.D. Mo. Aug. 6, 2019); *Baker v. City of Florissant*, No. 4:16–CV–

1693 NAB (E.D. Mo. Aug. 12, 2019); *Webb v. City of Maplewood*, No. 4:16 CV 1703 CDP,

2017 WL 2418011 (E.D. Mo. Aug. 20, 2019). The Court agrees with those well-reasoned

opinions and adopts their shared analysis.

The Court concludes that Normandy's municipal court division is not a required party

under Rule 19(a). Rule 19(a)(1)(A)'s condition that a court be able to accord complete relief

"does not mean that every type of relief sought must be available, only that meaningful relief be

available." *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990) (internal citations

omitted). Here, the Court is able to accord meaningful relief to Plaintiffs without joinder of the

municipal court division. Plaintiffs seek money damages from the City, a declaration that the

City violated their constitutional rights, and an injunction enjoining the City from enacting and

enforcing its allegedly unlawful policies and customs. The Court may provide such relief to the

extent that Plaintiffs' claims prove to be viable and meritorious. The City's argument that the

municipal court division, and not the City, caused the alleged constitutional violations may be a

- 5 -

reason to deny relief on Plaintiffs' claims,[1] but it does not support a finding under Rule 19(a)(1) that joinder of the municipal court is required. *See, e.g., Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) ("Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states [the plaintiffs'] claims . . . are not the issues under Rule 19(a)(1).").

Likewise, under Rule 19(a)(1)(B), even assuming that the municipal court division has an interest relating to the subject of the action, disposition of the action in the municipal court division's absence will not as a practical matter impair or impede the municipal court division's ability to protect its interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In support of its argument to the contrary, the City relies primarily on the Eighth Circuit's opinion in *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). In that case, the plaintiffs claimed that the named defendants induced an absent sovereign, the United States, to breach its fiduciary duty by approving leases for interests in land held in trust. *Id.* at 792-93. In other words, in order to prevail on their claims against the named defendants, the plaintiffs were required to prove that the absent sovereign acted illegally. *Id.* at 796. A judgment entered in the sovereign's absence would thus "potentially cloud the validity of many of the land grants approved by the government." *Id.* For

---

[1] Plaintiffs' claims arise out of arrests dating back to 2002. Although the City cites to Missouri Supreme Court Rule 37.04, governing supervision of courts hearing ordinance violations, in support of its argument, the current version of that Rule was not adopted until 2016. The 2016 amendment required, for the first time, that municipal courts operate in substantial compliance with certain minimum operating standards, which were not made effective until July 1, 2017. *See* Mo. S. Ct. R. 37.04 & 37.04 app. A (amended Sept. 20, 2016, eff. July 1, 2017). Moreover, although the City argues that Plaintiffs' allegations concern solely municipal court functions, Plaintiffs also allege, for example, that police and jail officers have used the threat of continued imprisonment to extract payments from inmates and their families. (ECF No. 1, ¶¶ 45-46, 62-69) Plaintiffs further note that their Class Action Complaint does not charge municipal judges with a decisive role in the decisions to arrest and incarcerate indigent persons for their inability to pay a debt. Rather, they argue a central problem with the City's scheme is that it largely evades any legitimate judicial process. (ECF No. 23, at 7)

- 6 -

this reason, the Eighth Circuit found that the United States' ability to protect its interest would be impaired or impeded by its absence from the litigation. *Id.* at 797.

By contrast, here, none of Plaintiffs' claims requires a showing that the municipal court division acted illegally. Rather, for Plaintiffs to succeed on their claims, they must demonstrate that the City acted unlawfully.[2] *See Fochtman v. Darp, Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *6–7 (W.D. Ark. June 27, 2018) (distinguishing *Two Shields* on this ground and holding that an absent sovereign's more remote interest in the outcome of a case was insufficient to require joinder).

Nor would the municipal court division's absence subject the City to a substantial risk of incurring double or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The City's own argument supports such a holding. The City asserts that, as a matter of law, it cannot be held liable for the municipal court division's conduct. If the City is correct, and if the actions complained of were caused by the municipal court division, then as explained above, Plaintiffs' claims may fail on the merits. But resolution of these issues does not require the municipal court division's joinder. *See Gwartz*, 23 F.3d at 1430. Because the municipal court division is not a required party under Rule 19(a), the Court need not address whether dismissal is required under Rule 19(b). The City's motion must be denied. In light of the thorough briefing on these issues, oral argument is unnecessary.

Accordingly,

---

[2] The other cases relied upon by the City are even more readily distinguishable. *Pimentel* was an interpleader action in which the parties conceded that the absent sovereign claiming an interest in the assets at issue was a required party under Rule 19(a). 553 U.S. at 864. Additionally, *McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997), as not Rule 19 case at all but involved a motion to dismiss for failure to state a claim which is more appropriate vehicle for resolving merit arguments like the ones the City raises.

**IT IS HEREBY ORDERED** that the City of Normandy's Rule 12(b)(7) Motion to

Dismiss for Failure to Join an Indispensable Party (ECF No. 13) and Request for Oral Argument

on Its Rule 12(b)(7) Motion to Dismiss for Failure to Join an Indispensable Party (ECF No. 16)

are **DENIED**.

The City of Normandy is reminded of its obligation to answer or otherwise respond to the

First Amended Complaint (ECF No. 1) within the time set by the rules.

Dated this 23rd day of August, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**