## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs, by and through their counsel, and defendant, the City of Normandy, Missouri, by and through its counsel, hereby enter into this Settlement Agreement providing, subject to the approval of the Court, for the Settlement of the claims against the City of Normandy herein described:

WHEREAS, Plaintiffs filed a lawsuit, styled ***Davis, et al., v. City of Normandy***, **Case No. 4:18CV01514RLW, pending in the United States District Court, Eastern District of Missouri** (the "Litigation") against defendant, the City of Normandy, Missouri ("Defendant"), alleging that Defendant had violated Plaintiffs' constitutional rights under color of state law by incarcerating them and others similarly situated at the City of Normandy Police Department, the City of St. Ann Jail, and the St. Louis County Jail because they could not afford to pay debts allegedly owed from traffic and other minor offenses; by causing the Plaintiffs and others similarly situated to pay fines and fees for traffic and other minor offenses; and, by causing the Plaintiffs and others similarly situated to be the subjects of warrants for their arrest.

WHEREAS, Defendant has denied and continues to deny Plaintiffs' claims, and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any member of the class (as defined herein, below).

WHEREAS the Parties to this Settlement Agreement have conducted and continue to conduct a thorough examination and investigation of the facts and law relating to the matters in this Litigation;

WHEREAS, the Plaintiffs and Defendant have each concluded that Settlement is desirable in order to avoid the time, expense, and inherent uncertainties of litigation and to resolve finally and completely all pending and potential claims of the Plaintiffs and all Class Members (defined, below) relating to the conduct alleged in this Litigation;

WHEREAS, Plaintiffs and Class Counsel (defined, below) recognize the costs and risks of prosecuting this Litigation, and believe that it is in their interest, and the interest of all Class Members, to resolve this Litigation, and any and all claims against Defendant, the City of Normandy, Missouri;

WHEREAS, substantial, adversarial settlement negotiations have taken place between the Parties, (including multi-day mediation and ongoing negotiations thereafter), and, as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein;

WHEREAS the Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members;

WHEREAS this Settlement Agreement is made and entered into by and among the City of Normandy, Missouri, and Plaintiffs Angela Davis, Quinton M. Thomas, Roelif E. Carter, and Meredith Walker (together, the "**Class Representatives**," as defined, below), individually and

on behalf of a class of similarly situated persons (the "**Class**") for purposes of settlement.  The "**Class Members**" are defined as follows:

> **The Jailed Class**: All persons who, between September 10, 2013, and May 12, 2021, were ARRESTED or INCARCERATED by or on behalf of the City of Normandy (as identified by Plaintiffs' Expert Witness Dr. William Rogers or the Claims Administrator during the course of the Litigation;

> **The Paid Fines Class**: All persons who, between September 10, 2013, and May 12, 2021, PAID a fine, fee, cost, surcharge, or other monetary sum to defendant City of Normandy; and

> **Warrant Class**: All persons who were the subject of an ARREST WARRANT issued between September 10, 2013, and May 12, 2021, by defendant City of Normandy;

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned as follows:

## A. DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural, and vice versa.

**Claim Form.**  "Claim Form" shall mean a form in substantially the same form as that attached hereto as **Exhibit A**.

**Claims Period.**  "Claims Period" shall mean the time period during which claims may be made by Settlement Class Members, extending from the Notice Date (defined below) until the date 120 days thereafter, including weekends and holidays, provided that if the last day of the Claims Period falls on a weekend or Federal holiday, then the end of the Claims Period shall be the next following day that is not a weekend or Federal Holiday.

**Class Counsel.**  "Class Counsel" shall mean ArchCity Defenders, Inc., including John M. Waldron, Katrina Hudson, Maureen Hanlon, and Nathaniel Carroll; Arnold & Porter Kaye Scholer, LLP, including S. Zachary Fayne; and all other attorneys of record acting on behalf of the Class Members in the Litigation.

**Class List.**  "Class List" shall be a list of the names, last known mailing addresses and/or other potential contact information, and, as may be relevant, hours of incarceration, payments made, warrants issued, and other information, of all members of the Class as identified in **Exhibit B**.

**Class Members.**  "Class Members" refers to all persons who, during the Class Period, were placed and/or kept in custody on behalf of Defendant at the City of Normandy, Missouri, Police Department, the City of St. Ann, Missouri, Jail, the St. Louis County, Missouri, Jail; all

persons who, during the Class Period, paid a fine, fee, cost, surcharge, or other monetary sum related to municipal charges to defendant City of Normandy; and/or all persons who were the subject of an arrest warrant issued during the Class Period by Defendant; all such Class Members are identified in the Class List attached as **Exhibit B**.

**Class Notice.** "Class Notice" shall mean the Court-approved form of notice in substantially the same form as **Exhibit C**.

**Class Period.** "Class Period" refers to the period between September 10, 2013, and May 12, 2021, inclusive of those days.

**Class Representatives.** "Class Representatives" shall mean Plaintiffs Angela Davis, Quinton M. Thomas, Roelif E. Carter, and Meredith Walker.

**Class Settlement.** "Class Settlement" shall mean the terms provided in this Settlement Agreement.

**Costs of Claims Administration.** "Costs of Claims Administration" shall mean only all actual costs associated with or arising from Claims Administration by the Settlement Administrator.

**Court.** "Court" shall mean the United States District Court for the Eastern District of Missouri, the Honorable Ronnie L. White, or a duly appointed or designated successor.

**Defendant.** "Defendant" shall mean the City of Normandy, Missouri.

**Defendant's Counsel.** "Defendant's Counsel" shall mean Hellmich, Hill & Retter, LLC, including Jason S. Retter and William A. Hellmich, as well as all other attorneys of record acting on behalf of defendant, the City of Normandy, in the Litigation.

**Effective Date.** "Effective Date" shall mean thirty (30) days from the date on which the Settlement has finally been approved by the Court, and/or the date on which any appeals from final approval are resolved, whichever is later.

**Fee Payment.** "Fee Payment" shall mean any fine, fee, cost, surcharge, or other monetary sum paid by or on behalf of a Class Member to the defendant City of Normandy related to municipal charges during the Class Period, as identified in **Exhibit B**.

**Final Approval Hearing.** "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Judgment.

**Final Judgment.** "Final Judgment" shall mean the Court order that finally certifies the Class, approves this Settlement Agreement, approves payment of attorneys' fees and expenses, approves incentive awards to Class Representatives and the distribution amount, and makes such other final rulings as are contemplated by this Settlement Agreement.

**Incarceration.** "Incarceration" shall mean any amount of time, during the Class Period, during which a Class Member was in physical custody of law enforcement officers or jailers or

3

others at the City of Normandy, Missouri, Police Department, the City of St. Ann, Missouri, Jail, the St. Louis County, Missouri, Jail, or any other police department, jail, detention center, holding facility, booking area or similar facility by or on behalf of defendant the City of Normandy, Missouri, as identified in the Class List attached as **Exhibit B**.

**Jail.** The City of Normandy, Missouri, Police Department, the City of St. Ann, Missouri, Jail, the St. Louis County, Missouri, Jail, or any other jail, detention center, holding facility, booking room, or similar facility identified as the location of Incarceration of a Class Member by or on behalf of defendant the City of Normandy, Missouri, as identified in the Class List attached as **Exhibit B**.

**Litigation.** "Litigation" shall mean the lawsuit, styled *Davis, et al., v. City of Normandy*, Case No. 4:18CV01514RLW, pending in the United States District Court, Eastern District of Missouri, against the defendant, the City of Normandy, Missouri.

**Notice Date.** Notice Date shall mean the date upon which Class Notice is mailed to known Class Members in accordance with the terms herein.

**Notice Program.** "Notice Program" shall mean the program for disseminating the Class Notice to Settlement Class Members, including public dissemination of the Summary Notice, in accordance with the terms herein.

**Objection Date.** "Objection Date" shall mean the deadline by which Class Members must submit any objection to the Settlement Agreement's terms or provisions along with any required statements, proof, or other materials and/or argument; this deadline, the Objection Date, is the 120th day after Notice Date, including weekends and holidays, provided that if the Objection Date falls on a weekend or Federal holiday, then the Objection Date shall be the next following day that is not a weekend or Federal Holiday.

**Opt-Out Deadline.** "Opt-Out Deadline" for any Class Members who do not wish to participate in the Settlement must complete the acts necessary to properly effect such election to opt-out; the Opt-Out Deadline is the 45th day after Notice Date, including weekends and holidays, provided that if the Opt-Out Deadline falls on a weekend or Federal holiday, then the Opt-Out Deadline shall be the next following day that is not a weekend or Federal Holiday.

**Opt-Out List.** "Opt-Out List" shall mean a written list prepared by the Settlement Administrator of the names of all Settlement Class Members who submit timely Requests for Exclusion or Opt-Out Notices.

**Opt-Out Notice.** "Opt-Out Notice" or an "Opt-Out Form" shall mean a Request for Exclusion from the Settlement Class by a Settlement Class Member.

**Parties.** "Parties" shall mean the Plaintiffs and defendant in this case.

**Plaintiffs.** "Plaintiffs" shall mean Angela Davis, Quinton M. Thomas, Roelif E. Carter, and Meredith Walker.

4

**Preliminary Approval Order.**  "Preliminary Approval Order" shall mean the Order of the Court initially approving this Settlement Agreement and conditionally certifying a provisional Settlement Class in notably the same form as **Exhibit D**.

**Release.**  "Release" shall mean the release described in Section H, herein.

**Released Claims.**  "Released Claims" shall mean and include any and all claims or causes of action by or on behalf of any and all Settlement Class Members (and their predecessors, successors, heirs, administrators, executors, agents, trustees, representatives, and assignees) that are released by the Release described in Section H, herein.

**Released Parties.**  "Released Parties" shall mean all persons or entities against whom Released Claims will be released pursuant to the Release described in Section H, herein.

**Request for Exclusion.**  "Request for Exclusion" shall mean any request by any Settlement Class Member for exclusion from the Class in compliance with Section F, herein.

**Settlement Administrator.**  "Settlement Administrator" shall mean the qualified person or entity selected by the Parties and designated in the Preliminary Approval Order to administer the Settlement, including implementing the Notice Program.  Neither Plaintiffs nor the Defendant shall have any responsibility for any acts of omissions of the Settlement Administrator.  The Parties have agreed to select Atticus Administration, LLC, 1250 Northland Drive, Suite 240, Mendota Heights, Minnesota 55120, as the Settlement Administrator.

**Settlement Agreement.**  "Settlement Agreement" shall mean this Settlement Agreement and all the Exhibits attached hereto.

**Settlement Class Members.**  "Settlement Class Members" shall mean all persons in the Class who do not exclude themselves pursuant to Section F, herein, and those who submit a Valid Claim.

**Settlement.**  "Settlement" shall mean the agreement by the Plaintiffs and Defendant to resolve the Litigation, the terms of which have been memorialized and agreed upon in this Settlement Agreement.

**Valid Claim.**  "Valid Claim" shall mean a timely, complete, and properly submitted claim by a Class Member identified in the Class List attached as **Exhibit B**, confirmed by the Settlement Administrator, and approved by Counsel for both Parties.

**Warrant.**  "Warrant" shall mean any warrant for arrest issued during the Class Period, by Defendant as identified in **Exhibit B**

## B.  REQUIRED EVENTS

Promptly after execution of this Settlement Agreement by all Parties:

1.      Class Counsel and Defendant's Counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order and the Final Judgment.

2.      The Parties to this Settlement Agreement shall jointly move for entry of a Preliminary Approval order in substantially the same form as **Exhibit D**, attached hereto, which by its terms shall:

a.   Preliminarily approve the terms of the Settlement Agreement, including the certification of the Class for purposes of this Settlement Agreement only, as within the range of fair, reasonable and adequate Settlement for purposes of issuing notice;

b.   Approve the contents of the Class Notice and Methods in the Notice Plan;

c.   Schedule a Final Approval Hearing to review comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the proposed Class Settlement and the application for acceptance of attorneys' fees, and to consider whether the Court should issue a Final Judgment approving the Class Settlement, granting Class Counsel's request for fees, granting the incentive awards application by the Class Representatives, and dismissing the Litigation with prejudice; and

d.   Make the proper distribution to all Class Members by means of delivering payment in the form of checks or other cash-equivalent form of payment.

3.      Class Counsel and Defendant's Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

4.      If the court fails to issue the Preliminary Approval Order or fails to issue the Final Judgment, Class Counsel and Defendant's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court provided, however, that in no event shall Defendant be required to agree to any such cure that would increase the cost or burden of this Settlement Agreement to the Defendant.

5.      The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement and shall promptly perform their respective obligations set forth herein.  Any disputes regarding the Parties' obligations under this Paragraph shall be submitted for decision by The Honorable Ronnie L. White, or a duly appointed or designated successor, and such decision shall be binding on the Parties.

6.      Neither this Settlement Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by Plaintiffs or the Class of lack of merit, or by Defendant of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise, with Defendant denying any liability or wrongdoing to the Plaintiffs and the Class for any claims alleged in the Complaint or otherwise.

7.      If the Court does not approve any part of this Settlement Agreement and settlement, then this entire Settlement Agreement and settlement shall become null and void except that Plaintiffs, Class Counsel, and Defendant's Counsel may agree in writing to proceed with a modified settlement and apply for Court approval of that modified settlement.  If this Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply to it and all negotiations surrounding it.  No admission of law or fact, or combination thereof, will be found to exist as a result of this Settlement Agreement.  If this Settlement Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

    a.  Plaintiffs shall be entitled to continue this action on behalf of themselves and the Class in accordance with the rulings, circumstances, and procedural posture that existed in this case on March 15, 2021, the date on which the Litigation was stayed; and

    b.  Defendant shall retain all rights to continue its defense to this case in accordance with the rulings, circumstances, and procedural posture that existed in this case on March 15, 2021, the date on which  the Litigations was stayed.

## C.  SETTLEMENT TERMS

1.      **Incentive Payment to Class Representatives.**  Given the efforts of the named Plaintiffs for being the faces of this Litigation on behalf of the Class, Defendant will not oppose an application for awards of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) each on behalf of the Class Members to the Class Representatives Angela Davis, Quinton M. Thomas, Roelif E. Carter, and Meredith Walker ("Incentive Payments"), upon entry of the Final Judgment Order.  It is agreed between the Parties that the Class Representatives provided considerable assistance to Class Counsel in their prosecution of this action.  Class Representatives are also eligible for payment through Compensation for Incarceration, Fee Payments, and Warrants, subject to the terms and conditions of this Settlement Agreement.  Payment of the Incentive Payments will be made or caused to be made by Defendant within thirty (30) days of the Effective Date.

2.      **Settlement Compensation for Incarceration Claims.**  Settlement Class Members who, during the Class Period, were ARRESTED or INCARCERATED by or on behalf of the City of Normandy (as identified in **Exhibit B**), shall receive compensation under this Settlement Agreement, paid or caused to be paid by Defendant, as follows:

    a.  Payment will be made only for Valid Claims;

    b.  The following **Incarceration Claim Calculation Method** will be used to calculate payment for each Settlement Class Member seeking compensation for Incarceration:

        i.  No compensation ($0.00) for hours zero (0.00) through six (6.00) of Incarceration, computed to the hundredth decimal place (i.e., x.00);

      ii.   $7.50 for each hour greater than six (6.01) and less than forty-eight (47.99) of Incarceration, computed to the hundredth decimal place; and

     iii.   $15.00 for each hour equal to or greater than forty-eight (48.00 though x) of Incarceration, computed to the hundredth decimal place;

c.   Once the Settlement Administrator receives all Claim Forms, the Settlement Administrator shall make a list of all Valid Incarceration Claims and calculate the total number of compensable hours incarcerated, according to the Incarceration Claim Calculation Method set forth in Paragraph 2(b), above, for each Claimant/ Settlement Class Member relevant to the Class definition. The Parties agree that the Settlement Administrator shall use the records obtained during litigation and relied upon by the Parties during mediation and in culminating this Agreement, with a summary of all such records attached as **Exhibit B**.

3.     **Settlement Compensation for Fee Payment Claims.**  Settlement Class Members who, during the Class Period, PAID a fine, fee, cost, surcharge, or other monetary sum to Defendant, as identified in **Exhibit B**, shall receive compensation under this Settlement Agreement, paid or caused to be paid by Defendant, as follows:

a.   Payment will be made only for Valid Claims;

b.   The following **Fee Payment Claim Calculation Method** will be used to calculate payment for each Class Member seeking compensation for Payments:

      i.   Each Valid Claim for Fee Payment will be compensated a maximum of $60.00;

      ii.   Only one (1) Valid Fee Payments Claim for each individual Class Member will be compensated; and

c.   Once the Settlement Administrator receives all Claim Forms, the Settlement Administrator shall make a list of all Valid Fee Payment Claims, according to the Fee Payment Claim Calculation Method set forth in Paragraph 3(b), above, for each Claimant/ Settlement Class Member relevant to the Class definition. The Parties agree that the Settlement Administrator shall use the records obtained by the Parties and relied upon by the Parties during mediation, with a summary of the records attached as **Exhibit B**.

4.     **Settlement Compensation for Warrant Claims.**  Settlement Class Members who were the subject of an ARREST WARRANT issued during the Class Period, by Defendant, as identified in Exhibit B, shall receive compensation under this Settlement Agreement, paid or caused to be paid by Defendant, as follows:

a.   Payment will be made only for Valid Claims;

    b.   The following **Warrant Claim Calculation Method** will be used to calculate payment for each Class Member seeking compensation for Warrants:

        i.   Each Valid Claim for Warrants will be compensated a maximum of $20.00;

        ii.   Only one (1) Valid Warrant Claim for each individual Class Member will be compensated; and

    c.   Once the Settlement Administrator receives all Claim Forms, the Settlement Administrator shall make a list of all Valid Warrant Claims, according to the Payment Claim Calculation Method set forth in Paragraph 4(b), above, for each Claimant/ Settlement Class Member relevant to the Class definition. The Parties agree that the Settlement Administrator shall use the records obtained by the City of Normandy and relied upon by the Parties during mediation, with a summary of the records attached as **Exhibit B**.

5.      **Compensation for Fee Payment Claims and Warrant Claims are Mutually Exclusive.**  Compensation for (a) Fee Payment Claims and (b) Warrant Claims are mutually exclusive; Settlement Class Member with Valid Claims for Fee Payments and Warrants will only, exclusively, be paid under the terms of their Fee Payment Claim and for a maximum compensation of $60.00 to each Settlement Class Member.  This mutual exclusivity among Fee Payment Claims and Warrant Claims does not impact a Settlement Class Member's entitlement to compensation for a Valid Incarceration Claim; Valid Claims for Incarceration will be paid, as described in this Settlement Agreement, without regard to the existence, or not, of a Valid Fee Payment or Warrant Claim or Claims.

6.      **Limited Maximum Total Compensation, (Defendant's Limited Maximum Combined Total Exposure), for Fee Payment and Warrant Claims.**  The Parties agree that the maximum total compensation for (a) Fee Payment Claims and (b) Warrant Claims, combined and in total, will not exceed Sixty-Two Thousand Five Hundred Dollars ($62,500.00). Therefore:

    a.   If the total of compensation for all Valid Claims for (a) Fee Payment Claims ($60.00 per Valid Claim per Settlement Class Member) and (b) Warrant Claims ($20.00 per Valid Claim per Settlement Class Member) is an amount less than $62,500.00, Defendant will retain any remainder and will pay only the exact amount necessary to compensate all such Valid Claims; and

    b.   If the total of compensation for all Valid Claims for (a) Fee Payment Claims ($60.00 per Valid Claim per Settlement Class Member) and (b) Warrant Claims ($20.00 per Valid Claim per Settlement Class Member) is an amount greater than $62,500.00, each Valid Claim will be paid compensation in an amount less than the maximum (less than $60.00 per Valid Claim per Fee Payment Claims Settlement Class Member; less than ($20.00 per Valid Claim per Warrant Claims

Settlement Class Member); such reduced compensation shall be calculated as follows:

    i.    All Valid Fee Payment Claims will be prorated equally, such that all Valid Fee Payment Claims receive the same compensation; all Valid Warrant Claims will be prorated equally, such that all Valid Warrant Claims receive the same compensation.  The mutual exclusivity of Fee Payment Claims and Warrant Claims, and all other terms and conditions of this Settlement Agreement, remain in effect and without alteration if Valid Fee Payment and Valid Warrant Claims are compensated at a prorated amount.

7.    **Attorneys' Fees and Costs.**  Defendant shall pay or cause to be paid to Class Counsel attorneys' fees and costs in the amount of $200,000 ("Attorneys' Fees"), which is approximately fifteen percent (15%) of the estimated total recovery for the Class, which is estimated by Class Counsel to be $1,300,000.00 or more.  Payment of the Attorneys' Fees will be made or caused to be made by Defendant within thirty (30) days of the Effective Date.

8.    **Costs of Claims Administration; Administrative Costs of Settlement Administration.**  All reasonable Costs of Claims Administration, such as costs of settlement administration, mailing of Class Notice and Claim Forms to Class Members, providing adequate notification of Class Notice and Claim Form by way of mail, website, or other media, or other claim administration costs, shall be paid by the Defendant.

9.    **Class Member Contact Information, Notice, Claim Forms.**  Records have been provided by defendant the City of Normandy in order to acquire the name and address of each Class Member.  The Parties will cause to be mailed to each Class Member the Class Notice and Claim Form with return envelopes for Class Members to mail back.  Upon completion of their Claim Form, the Class Members will insert their completed Claim Form into the provided return envelope to mail to the Settlement Administrator.

10.    **Cessation of Litigation Activity.**  Class Plaintiffs and Class Counsel agree not to initiate any new litigation against the City relating to the payment of Fees during the approval process of this Settlement Agreement. Immediately upon execution of this Settlement Agreement, Class Plaintiffs, Class Counsel, and the City agree to cease all litigation activity in the Lawsuit (other than any activity to implement this Settlement Agreement), and to request the Court to stay all motions or other pretrial matters and to continue any hearing or trial settings until each of the conditions precedent to the Parties' obligations to proceed to consummate the settlement provided for herein has been satisfied or waived.

## D.  PAYMENTS TO SETTLEMENT CLASS MEMBERS

1.    The Settlement payments to Class Members will be calculated, paid, and distributed as follows:

    a.    an initial damages amount will be calculated by the Settlement Administrator for each Class Member who submits a Valid Claim (Settlement Class Member), said

damages amount to be calculated by applying the Incarceration Claim Calculation Method, the Fee Payment Claim Calculation Method, and/or the Warrant Claim Calculation Method, each and together as set forth in this Settlement Agreement;

b. within 30 days of entry of Final Judgment, Defendant will pay or cause to be paid the total initial damages amount to the Settlement Administrator or as directed by the Settlement Administrator;

c. the Settlement Administrator shall make all payments required hereunder and send checks, or other cash-equivalent form of payment, to each Settlement Class Member who submitted a Valid Claim; and

d. within 30 days of the Effective Date, Defendant will pay or cause to be paid Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) to each of four (4) Class Representatives Angela Davis, Quinton M. Thomas, Roelif E. Carter, and Meredith Walker; and

e. within 30 days of the Effective Date, Defendant will pay or cause to be paid Two Hundred Thousand and 00/100 Dollars ($200,000) to Class Counsel for the Attorneys' Fees.

2.  **Late Claims.**  The Parties anticipate that late claims may be filed after the end of the Claims Period.  Late claims may be allowed, if submitted on or before the date of the Final Approval Hearing, for good cause shown as agreed by the Parties; provided, however, that any claims submitted more than twenty (20) days after the end of the Claim Period shall not be allowed.  To the extent that the Parties cannot agree that good cause is shown, the Parties shall submit such dispute, for a decision regarding whether to allow a late claim, to the Dispute Resolution process set forth in Section J of this Settlement Agreement.  Further, all late claims will be finally approved by the Court prior to being paid as part of the distribution of the Settlement.

3.  **Distribution of Settlement Payments.**  The Settlement Administrator shall, within fourteen (14) days of receiving payment for the initial damages amount from Defendant, send checks or other cash-equivalent form of payment to each Class Member who submitted a Valid Claim (Settlement Class Member).  If after three (3) months a check remains uncashed and money remains of the amount Defendant paid to the Settlement Administrator, the remainder shall be donated to [*an agreed-upon charity serving the Normandy area*].

4.  **Taxes.**  The Parties expressly agree that the funds paid herein are not intended to be payment for economic damages or for punitive damages, but are intended to be payment for damages on account of alleged personal injuries, including, but not limited to, bodily injury, mental and emotional distress, and pain and suffering, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Despite the Parties' intentions, the Plaintiffs, Class Counsel, Defendant's Counsel, and Defendant make no representations regarding the taxability or non-taxability of any payments made hereunder, and the Parties agree that Defendant, the Settlement Administrator, and Defendant's insurers shall

not be responsible for payment of any taxes on the amounts paid hereunder to Plaintiffs, Class Representatives, Settlement Class Members, or Class Counsel.  All payment of taxes or other assessments to the state or federal authorities on the amounts paid under this Settlement Agreement, if any, shall be the sole responsibility of Plaintiffs, Class Representatives, Settlement Class Members, and Class Counsel with respect to their portion of the Settlement Funds; Plaintiffs, Class Representatives, Settlement Class Members, and Class Counsel hereby agree to indemnify and hold harmless Defendant, the Settlement Administrator, and Defendant's insurers from any such liability for taxes or other assessments to the state or federal authorities on amounts paid under this Settlement Agreement.

     5.    **Medical Bills.**  It is understood and agreed that the Settlement Class Members remain solely responsible for all sums presently owed or that in the future may be owed to any and all hospitals, doctors, psychologist, counselor, or other health care or mental health care provider for services rendered in connection with any injuries allegedly sustained as a result of the conduct alleged in the Litigation.  Settlement Class Members agree to satisfy all liens arising out of any incident or occurrence related to the claims in the Litigation and to indemnify and save the Defendant harmless therefrom.

## E.  NOTIFICATION TO CLASS MEMBERS

     1.    The Parties shall appoint Atticus Administration, LLC, 1250 Northland Drive, Suite 240, Mendota Heights, Minnesota 55120, to serve as the Settlement Administrator who will fulfill various duties described more in detail below including implementing the terms set out in this Settlement Agreement and the Notice Program.

     2.    **Responsibilities of the Settlement Administrator:**

    a.   The Settlement Administrator shall be responsible for: mailing Class Notice to every Class Member, mailing a Claim Form to every Class Member, posting the Class Notice in the Normandy Jail and Normandy City Hall, providing access to copies of Claim Forms in the Normandy Jail and Normandy City Hall, uploading the Class Notice and Claim Forms to the World Wide Web by means of a website managed by the Settlement Administrator, operating a toll-free number by which potential Class Members can call to learn more information; distributing notice through publications in the St. Louis American on at least one day per week for three consecutive weeks commencing on the Notice Date, distributing payments to the Settlement Class Members, and otherwise administering the Notice Program. The Settlement Administrator will maintain an appropriate insurance policy to protect against any violation of its fiduciary duties to the Court, Class Members, Class Counsel, and Defendant's Counsel.  The Notice Program shall comply with all requirements of applicable law; and

    b.   The Settlement Administrator will provide information about the Settlement to Class Members, including notice and claims documents, court documents, and a copy of the Settlement Agreement on a settlement website.

3. **Notice:**

a. Beginning no later than fourteen (14) days from the date of the Preliminary Order Approving Settlement, the Settlement Administrator shall initiate the Notice Program ("Notice Date"). Such Notice Program will be completed with immediacy in accordance with the terms of the Settlement Agreement. Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this section;

b. Notice will be provided to the Class by direct mailing of Class Notice and a Claim Form to all potential Class Members at their last known or readily ascertainable address. The Settlement Administrator shall use the records obtained by the City of Normandy and relied upon by the Parties during mediation, a summary of which is attached as **Exhibit B**;

c. Additional notice will be provided to the Class Members by way of posting the Class Notice and Claim Form at the Normandy Jail and Normandy City Hall;

d. The Settlement Administrator shall also provide a copy of the Class Notice and Claim Form to any person who inquires through means of written communication, by way of the toll-free telephone number established by the Settlement Administrator, and by way of e-mail communication also established by the Settlement Administrator. The Settlement Administrator will further upload downloadable and printable copies of notices, Claim Forms, court decisions, the Settlement Agreement, and information to Class Members through the Settlement Website at a mutually agreed upon address;

e. If, after the initial mailing, any Class Notices are returned as undeliverable, the Settlement Administrator will make reasonable efforts to attempt to locate the relevant Settlement Class Members by way of national locator database to find a potential new address. In the event a new address is located, the Settlement Administrator will ensure another Class Notice and Claim Form is mailed to the new address;

f. If information on a submitted Claim Form is insufficient, unreadable, incomplete, or left blank, the Settlement Administrator shall contact the person who submitted the Claim Form and aid the person in completing the information;

g. Prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to Class Counsel and Defendant's Counsel, recounting all actions taken to provide Notice of the Settlement. The Settlement Administrator will further provide an affidavit recounting any and all activity on the Settlement Website, including number of visitors and number of documents downloaded, and any and all activity through correspondence of e-mail or the toll-

free telephone number between the Settlement Administrator and the potential Class Members;

h.   The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed upon by the Parties, which shall provide that the names, addresses and other information about specific Class Members and/or specific Class Members that is provided to it by defendant the City of Normandy, Class Counsel, or by individual Class Members, shall be treated as confidential and shall be used only the Settlement Administrator as required by this Settlement Agreement;

i.   Claim Forms must be postmarked on or before the 120th day from the Notice Date in order to be considered timely submitted, however, Claim Forms postmarked after this date shall be accepted by the Parties if received before the Final Approval Hearing and submitted in good faith within twenty (20) days after the 120th day from the Notice Date;

j.   The Settlement Administrator will advise Class and Defendant's Counsel with information regarding who has filed Claim Forms within five (5) business days of receipt of a Claim Form;

k.   Defendant shall have the right to challenge the submitted Claim Forms as not meeting the Class definition, not being valid, not being timely, or any other reasonable grounds;

l.   The Settlement Administrator shall notify Class Counsel within five days of a challenge from Defendant and provide Class Counsel one week in order to respond to this challenge; and

m.   The Settlement Administrator shall have final authority to determine whether individuals who have submitted Claims Forms qualify as Settlement Class Members.

## F.  REQUESTS BY CLASS MEMBERS FOR EXCLUSION

1.      The provisions of this paragraph shall apply to any Request for Exclusion. Any Settlement Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator within forty-five (45) days from the Notice Date. Any Request for Exclusion must be postmarked no later than the Opt-Out Deadline. Any Request for Exclusion shall include the name, address, and telephone number of the person requesting exclusion and include a clear statement indicating that person chooses to be excluded from the Settlement, does not wish be a Settlement Class Member and chooses to be excluded from any judgment entered pursuant to the Settlement.

2.      Any Settlement Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

3.      Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendant's Counsel together with copies of each Request for Exclusion. Class Counsel and Defendant's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

4.      Class Counsel agrees that they will not represent any individual who opts out from the Settlement in asserting or prosecuting against Defendant the same or materially similar claims as are the subject of this Agreement.

### G.  OBJECTIONS BY SETTLEMENT CLASS MEMBERS

1.      Only Class members who have submitted a Valid Claim may object to the Settlement.

2.      After entry of the Preliminary Approval Order, a period of time is established in order to allow for approved Class Members to make Objections to the Settlement. Any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date. Any Objection must be postmarked no later than the Objection Date. Such objection shall state the name, address, and telephone number of the person, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents said person wishes to be considered in support of the objection.

3.      No objecting Class Member will be permitted to appear and object at the Final Approval Hearing unless he or she has timely filed and served a written objection and filed a Notice of Intention to Appear with the Court. Class Members or their attorneys intending to make an appearance at the Final Approval Hearing must, no later than fifteen (15) days prior to the Final Approval Hearing, file with the Court and serve Class Counsel and Defendant's Counsel with a Notice of Intention to Appear that (i) states how much time the Class Member and/or his/her attorney anticipates needing to present his or her objection; (ii) identifies by name, address, and telephone number the Class Member making the objection, and a summary of the testimony supporting the objection; (iii) identifies by name, address, and telephone number all witnesses the Class Member and/or his/her attorney intends to present testimony from, including a summary of the testimony; (iv) identifies all exhibits the Class Member and/or his/her attorney intends to offer in support of the objection(s) and attaches complete copies of all exhibits; and (v) contains the signature of the Class Member making the objection and a statement under penalty of perjury that the individual is a member of the Class.

4.      Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause information regarding a Class Member's right to make an objection and instructions on

how to make an objection to be mailed to each Class Member.  This information will include instructions for a Class Member to state an objection, their grounds for the objection, an option to request to be heard at the Final Approval Hearing if they so desire, and instructions regarding the objection process.

5.      The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Members' Objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to file such notice of objection or request to be heard, with the Clerk of the Court. Upon such filing, the Clerk of the Court shall provide notice of objection or request to be heard, including all papers or evidence in support thereof, upon the Class Counsel and Defendant's Counsel. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court shall not be heard during the Final Approval Hearing, nor shall the Court consider their Objections.

6.      In accordance with law, only Class Members who have objected to the Settlement pursuant to the terms above, including submission of a Valid Claim, may appeal any Final Judgment. The proposed Final Judgment shall provide that any Class Member who wishes to appeal the Final Judgment, even though appeal will delay the distribution of the Settlement to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such an appeal.

## H.  RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

1.  **Release.**  By this Settlement Agreement and specifically as provided in this Paragraph:

   a.  Plaintiffs and the Settlement Class Members agree that **Defendant** and Defendant's employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of Normandy, including municipal judges, clerks, and other personnel (the "**Normandy Released Parties**") are released from any and all claims, causes of action, liabilities, and demands, fixed or contingent, that were asserted by the Plaintiffs in this case as described in the Complaint in this action or that could have been, or should have been, asserted in the Complaint by the Plaintiffs or any member of the Settlement Class (including, but not limited to any "conditions of confinement" claim) against the Normandy Released Parties (the "**Normandy Released Claims**").  For the avoidance of doubt, the **Normandy Released Claims** do not include any Settlement Class Member's claims or causes of action, if any, related to alleged use of excessive force by Defendant's law enforcement officers during the course of an arrest.

16

b. Plaintiffs and the Settlement Class Members further agree that the City of **St. Ann**, Missouri, (and its employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of St. Ann, including municipal judges, clerks, and other personnel), and **St. Louis County**, Missouri, (and its employees, agents, appointed and elected officials, police or other law enforcement officers, corrections officers, prosecutors, county attorneys, and county judges and other county court personnel), (together, the "**Other Released Parties**") are released from any and all claims, causes of action, liability, and demands, fixed or contingent, **for Incarceration** of Plaintiffs or any member of the Settlement Class on behalf of Defendant, the City of Normandy, in connection with the **Normandy Released Claims**.

c. Notwithstanding the foregoing, the Parties agree that this Release in no way releases against the **Other Released Parties** any claims by Plaintiffs or any member of the Settlement Class currently pending and as may be amended, in any court of law, based upon the following:

    i. **Incarceration** by or on behalf of **any entity other than Defendant**, the City of Normandy;

    ii. **Fee Payments** to **any entity other than Defendant**, the City of Normandy;

    iii. **Warrants** issued by **any entity other than Defendant**, the City of Normandy; or

    iv. the "**conditions of confinement**" in which individuals were incarcerated on behalf of Defendant, the City of Normandy, including the "conditions of confinement" claims asserted in *Meredith Walker, et al., v. City of St. Ann, Mo.*, No. 4:18CV1699, which case is currently pending in the Eastern District of Missouri.

2. **Dismissal with Prejudice.** Within sixty (60) days of the Effective Date, if the Court has not already dismissed all claims with prejudice, Plaintiffs and Settlement Class Members agree that they and their attorneys shall prepare and file a Stipulation for Dismissal of the lawsuit, styled *Davis, et al., v. City of Normandy*, Case No. 4:18CV01514RLW, pending in the United States District Court, Eastern District of Missouri, with all claims to be dismissed with prejudice, in all respects, and with each party to bear that party's own attorney's fees and court costs except as set forth in this Settlement Agreement.

17

3.      This Settlement Agreement does not affect the rights of Class Members who timely and properly exclude themselves from the Settlement.

4.      **Court Jurisdiction Retained.**  The administration and implementation of the Settlement as exemplified in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to orders enjoining Settlement Class Members from prosecuting claims that have been released pursuant to the Settlement Agreement.

5.      **Upon the Effective Date:**  Said Release as explained above shall be in effect upon the Effective Date of this Settlement, and:

   a.   The Settlement Agreement shall be exclusive remedy for any and all Released Claims of Settlement Class Members;

   b.   The Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Members or their successors, predecessors, or assigns except as set forth herein;

   c.   Settlement Class Members and their successors, predecessors, and assigns shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against any Released Party in any federal or state court in the United States or any other tribunal.

6.      **Tolling of Statute of Limitations.** Defendant agrees that, with respect to any claims asserted in the Litigation that are subsequently asserted by any Class Member who has properly opted out of the Settlement, Defendant shall not assert any statute of Limitations, repose, or laches defense unless such defense (a) existed as of September 10, 2018, the date this class action was filed, or (b) arose after a Request for Exclusion was effected pursuant to Section F, or (c) a combination thereof.

## I.  REPRESENTATIONS, WARRANTIES, AND COVENANTS

1.      Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute deliver, and perform this Settlement Agreement and to perform all of the transactions contemplated hereby. This Settlement Agreement has been validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

2.      The City of Normandy, Missouri, warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to perform all of this Settlement Agreement and performance by it of the actions contemplated hereby has been duly authorized by all necessary corporate action on part of the City of Normandy. This Settlement Agreement has

been validly executed and delivered by the City of Normandy and constitutes its legal, valid, and binding obligation.

## J.  MISCELLANEOUS PROVISIONS

1.      **Denial of Liability; No Admissions.**  This Settlement Agreement, and the exhibits and related documents hereto, are not, and shall not at any time be construed or be deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or admission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein. Any payment of monies on behalf of the Defendant, or any other action taken, by the Defendant pursuant to any provision of this Settlement Agreement, shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or admission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in the entry of a Final Judgment as contemplated herein. Defendant denies any liability to Plaintiff and to all members of the Class for any claim described in the Settlement Agreement and in the Litigation. This provision shall survive the expiration or voiding of the Settlement Agreement.

2.      **Settlement Purposes Only.**  This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Effective Date does not occur for any reason or the Final Judgment is not entered, then this Settlement Agreement, including any Releases or dismissals hereunder, is cancelled. In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part of the Parties' settlement  discussions shall  have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation or any other litigation, and all Parties shall be restored to their prior positions as if the mediation had never occurred and the Settlement Agreement had not been entered into.

3.      **Captions and Headings.**  The heading of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation.

4.      **Modification of Amendment.**  This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties or their counsel.

5.      **Execution.**  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

6.      **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of Missouri, without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

7.      **Costs and Expenses.**  Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear its own costs of the Litigation.

8.      **Validity of Terms.**  If any clause, provision or paragraph of this Settlement Agreement is deemed illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect the remaining clauses, provisions, or paragraphs of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegality, invalidity, or unenforceability had not been included herein.

9.      **Time Extensions.**  The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable time extensions that may be necessary to fully implement any of the provisions of this Settlement Agreement.

10.     **Applications to Court.**  All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiff's Counsel and Defendant's Counsel.

11.     **Neutral Presumption of Ambiguities.**  The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after mediation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of both Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties was represented by competent and effective counsel throughout the course of Settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement. In entering into this Settlement Agreement, none of the Parties relied on advice received from any outside party or their counsel.

12.     **Mutual Interpretation.**  The Parties agree and stipulate that this Settlement Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power. Also, the Settlement Agreement has been drafted jointly by Class Counsel and counsel for City. Accordingly, this Settlement Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties.

13.     **Integrated Agreement.**  All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.  This Settlement Agreement and exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede any and all prior written and unwritten agreements and understandings pertaining to the Settlement of this Litigation.

14.     **Notice to Parties:**  Any notice, request, instruction, or other document to be given by any party to this Settlement Agreement to any other party to this Settlement Agreement (other than Class notice) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, as follows:

    a.  If to defendant:

          HELLMICH, HILL & RETTER, LLC
          Jason S. Retter
          1049 North Clay Avenue,
          Kirkwood, Missouri 63122

    b.  If to Plaintiffs:

          ARCHCITY DEFENDERS, INC.
          John M. Waldron
          440 North 4th Street, Ste. 390
          Saint Louis, MO 63102

15.    **Dispute Resolution.** The Parties agree that any disputes regarding the terms and conditions of this Settlement Agreement shall be submitted to Frank Nuener, Neuner Mediation & Dispute Resolution, who shall attempt to mediate such dispute.  If such dispute cannot be resolved through mediation, the Honorable Ronnie L. White, or a duly appointed or designated successor, shall decide such dispute.

16.    **Acknowledgment.**  THE PARTIES EXPRESSLY ACKNOWLEDGE that they have been counseled by their attorneys; and based upon that consultation, and their own careful review and consideration, the terms of this Settlement Agreement are fully understood and voluntarily accepted for the purposes of making full and final compromise and settlement.

    **IN WITNESS WHEREOF,** Plaintiffs and Defendant the City of Normandy have executed this Settlement Agreement as of the date(s) indicated on the lines below.

[signatures]